UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CRYSTAL ZAMORA, <br> *Plaintiffs* <br><br> v. <br><br> ALLSTATE VEHCILE AND PROPERTY INSURANCE COMPANY <br> *Defendants.* | § § § § § § § § § | CAUSE NO: 5:21-cv-591 |

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S NOTICE OF REMOVAL**

Defendant, Allstate Vehicle and Property Insurance Company ("Allstate"), hereby removes this lawsuit pursuant to 28 U.S.C. § 1332(a), and would respectfully show the Court as follows:

**I.**
**GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION**

1. This Court has subject matter jurisdiction of this suit based on 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of costs and fees and the parties are diverse.

**II.**
**BACKGROUND**

2. On May 17, 2021, Plaintiff Crystal Zamora ("Plaintiff") filed her Original Petition in the 224th Judicial District Court of Bexar County, Texas, Cause Number 2021-CI-09801, styled *Crystal Zamora v. Allstate Vehicle and Property Insurance Company*. *See* Exhibit A (Plaintiff's Original Petition). Allstate was served with the subject suit on June 1, 2021. *See* Exhibit B (proof of service of process).

3. Plaintiff's lawsuit against Allstate arises from property damage to Plaintiff's home allegedly caused by a "wind/hailstorm" on September 8, 2020. Exhibit A at ¶ 10. Plaintiff affirmatively pleads for "monetary relief over $195,000 …" *Id.* at ¶ 4.

4. As against Allstate, Plaintiff asserts causes of action for breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, Breach of the Duty of Good Faith and Fair Dealing, and common law fraud. *See* Exhibit A, at ¶¶ 30-57.

5. The State Court's Record Search including Case History for this matter is attached hereto. *See* Exhibit C.

## III.
### ARGUMENTS AND AUTHORITIES

**A. Diversity in Citizenship**

    i. *Plaintiff's Citizenship*

6. Plaintiff is a natural person who is domiciled in Hidalgo County, Texas. *See* Exhibit A, ¶ 2. Plaintiff has not pled any other facts of residency, intention to leave Texas, or domiciles in other States. *Id.* Accordingly, Allstate asserts that absent the same, Plaintiff's citizenship at the time of the filing of the suit and at the time of removal is properly established as the State of Texas. *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

    ii. *Allstate's Citizenship*

7. Defendant Allstate Vehicle and Property Insurance Company is an Illinois corporation with its principle place of business in Cook County, in Illinois. Defendant is thus a citizen of the State of Illinois.

**Amount in Controversy**

8. The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.,* 309

F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

9. Here, it is facially apparent from Plaintiffs' petition that the claim likely exceeds $75,000.00. Specifically, Plaintiff's petition states Plaintiff seeks "monetary relief over $195,000 …" Exhibit A at ¶ 4.

### III.
### REMOVAL IS PROCEDURALLY PROPER

10. This notice of removal is timely filed within thirty (30) after receipt of Plaintiff's Original Petition pursuant to 28 U.S.C. § 1446(b)(1).

11. Venue is proper in this Court under 28 U.S.C. §1441(a) because this District and Division of this Court embraces Bexar County, Texas, the place where the State Court suit was filed.

12. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached herein.

13. Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the Clerk of Bexar County District Court.

### IV.
### INDEX OF MATTERS FILED

14. Pursuant to 20 U.S.C. § 1446(a), Defendant includes with this notice of removal the following attachments, which are incorporated herein by reference:

- Civil Cover Sheet and Supplement
- Exhibit A: Plaintiff's Original Petition

- Exhibit B:	Executed process to Allstate

- Exhibit C:	State Court Record Search

WHEREFORE, Defendant Allstate Vehicle and Property Insurance Company requests that the Court accept jurisdiction over this case against them for the reasons set forth above, and grant Defendant any such other and further relief to which they show themselves justly entitled.

        Respectfully submitted,

        **VALDEZ & TREVIÑO**
        **ATTORNEYS AT LAW, P.C.**
        Callaghan Tower
        8023 Vantage Dr., Suite 700
        San Antonio, Texas 78230
        Telephone: (210) 598-8686
        Facsimile: (210) 598-8797

By:/s/ Michael M. Novak
        **Robert E. Valdez**
        State Bar No.20428100
        revaldez@valdeztrevino.com
        **Michael M. Novak**
        State Bar No. 24092405
        mnovak@valdeztrevino.com

*Attorney Vehicle and Property Insurance Company*

| CERTIFICATE OF SERVICE |
|---|

      I hereby certify that a true and correct copy of the foregoing instrument was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically with notice to all counsel of record on this 21st day of June 2021.

THE HODGE LAW FIRM, PLLC
Shaun W. Hodge
SBN: 24052995
shodge@hodgefirm.com
Old Galveston Square Building
2211 Strand, Suite 302
Galveston, Texas 77550
Tel: (409) 762-5000
Fax: (409) 763-2300
Counsel for Plaintiff

 

*/s/Michael M. Novak*
**Michael M. Novak**